IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| GILBERT S. DAMIAN, #382329 § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-282 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TDCJ-CID § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Gilbert S. Damian, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion to Dismiss for Lack of Jurisdiction and Alternate Motion for Summary Judgment with Brief in Support. (Instrument No. 31). Petitioner filed Responses (Instrument Nos. 33 & 34). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd Judicial District Court of Brazoria County, Texas in Cause No. 17,111. On December 11, 1987, Petitioner was convicted of aggravated assault on a police officer, and was sentenced to twenty-five

(25) years imprisonment in the TDCJ-CID.[1]  His conviction was upheld on appeal on August 3, 1989, and his Petition for Discretionary Review ("PDR") was refused on November 22, 1989.

Petitioner has filed ten state habeas corpus petitions.  *Ex parte Damian*, Applic. No. 18,857-01 through -10, of which six appear to challenge this 1987 conviction and the remainder challenge issues concerning time credits or sentence calculations.  Petitioner filed his first state habeas writ challenging his 1987 conviction on June 20, 1988, and was granted an out-of-time appeal on October 19, 1988.  *Ex parte Damian*, Applic. No. 18,857-01.  On April 23, 1990, Petitioner filed his second state court writ challenging his conviction and it was denied without written order by the Texas Court of Criminal Appeals ("CCA") on September 19, 1990.  *Ex parte Damian*, Applic. No. 18,857-02.  Petitioner filed his third state court writ on February 26, 1992, and again challenged his 1987 conviction, but this writ was denied by the CCA without written order on July 22, 1992.  *Ex parte Damian*, Applic. No. 18,857-03.  Petitioner's fourth writ, in which he challenged his time calculation and eligibility for release, was filed on February 22, 2000, and the CCA denied it without written order on May 10, 2000.  *Ex parte Damian*, Applic. No. 18,857-04.  In his fifth writ, filed on April 12, 2001, Petitioner again raised issues pertaining to time calculations, and the CCA denied the writ without written order on June 27, 2001.  *Ex parte Damian*, Applic. No. 18,857-05.  On May 14, 2001, in his sixth state court writ, Petitioner challenged his 1987 conviction, but the CCA dismissed this writ on June 27, 2001, pursuant to Article 11.07, § 4 of the Texas Code Criminal Procedure.  *Ex parte Damian*, Applic. No. 18,857-06.  Petitioner's seventh writ, filed on July 19, 2001, also appears to also challenge his conviction, and was denied without written order by the CCA on August 15, 2001.  *Ex parte Damian*, Applic. No. 18,857-07.  In his eighth and ninth state

---

[1] Petitioner's sentence is running consecutively with two unrelated convictions.

court writs, Petitioner challenged time credit calculations concerning his consecutive sentences. *Ex parte Damian*, Applic. Nos. 18,857-08 and -09. Petitioner's tenth state court writ, filed on June 10, 2004, once again challenged his 1987 conviction, and the CCA dismissed the writ on December 22, 2004, based on Article 11.07, § 4. *Ex parte Damian*, Applic. No. 18,857-10.

On June 4, 2004, Petitioner filed a civil rights complaint under 42 U.S.C. § 1983 in the Houston Division of the Southern District of Texas, making various claims concerning his time calculation. *Damian v. Johnson*, No. 4:04-CV-2239 (S.D. Tex. 2005). (Docket Entry No.1). On June 23, 2004, the court issued a Memorandum of Dismissal in which the court advised Petitioner that he had "not shown that he has properly exhausted his state court remedies" and that he "must submit his time-calculation claims to a prison dispute tribunal" and file a state writ application. *Id.* (Docket Entry No. 2). The court further notified Petitioner that if he "feels he has properly exhausted his state court remedies on his time calculations claims, he may seek reinstatement of these claims by filing a federal habeas corpus petition under this cause number." *Id.* (Docket Entry No. 2). On July 6, 2004, Petitioner filed a motion to reinstate, accompanied by a petition for writ of habeas corpus. *Id.* (Docket Entry Nos. 4, 5). The court reinstated the case on October 11, 2004.[2] *Id.* (Docket Entry No. 6). The court ordered Respondent to answer (Docket Entry No. 7). On February 9, 2005, the court determined that Petitioner's claims were both procedurally defaulted and without merit and, therefore, dismissed the case. *Id.* (Docket Entry Nos. 17, 18). The court also denied a certificate of appealability. *Id.* (Docket Entry No. 17). On February 18, 2005, Petitioner

---

[2] The court ordered the clerk to re-designate the case as a "habeas petition under 28 U.S.C. § 2254, nature of suit 530" on March 3, 2005. (Docket Entry No. 22).

filed a notice of appeal of court's final judgment (Docket Entry No. 19), but the Fifth Circuit later dismissed his appeal on July 21, 2005, for want of prosecution. *Id.* (Docket Entry No. 45).

The instant federal habeas petition was filed on May 12, 2005. In this writ, Petitioner challenges his conviction by asserting that his arrest on February 17, 1986, was illegal and his conviction was supported by perjury. On March 23, 2006, Petitioner filed another petition (Instrument No. 26) that was considered by this Court to be a Supplemental Pleading to the instant federal habeas petition. (Instrument No. 24).

In its Motion to Dismiss Respondent contends that Petitioner's writ is successive because his claims should have been brought in his prior federal writ. When the State puts a prisoner on notice that his petition constitutes an abuse of the writ, the burden shifts to the prisoner to demonstrate that his new claims could not have been raised in the earlier writ. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Brown v. Butler*, 815 F.2d 1054, 1057 (5th Cir. 1987). Although Petitioner has filed responses to Respondent's Motion to Dismiss (Instrument Nos. 33 & 34), he fails to provide any explanation for why he did not raise the claims concerning his 1987 conviction in his earlier writ. 28 U.S.C. § 2244(b)(2). Petitioner does not contend that he was unaware of the factual predicate for these claims,[3] but instead merely asserts that he has exhausted his state court remedies, as well as making conclusory allegations that he is innocent and has been wrongfully incarcerated for the past twenty years. Pet'r Resp. at 4-5 (Instrument No. 33); Pet'r Supp. Resp. at 4. (Instrument No. 34). The Court finds Petitioner's writ to be successive. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner must seek permission from the appropriate court

---

[3] Reviewing his state court writs, the Court observes that as far back as April 23, 1990, and February 26, 1992, when he filed his second and third state writ, Petitioner asserted these same claims.

of appeals before he can file a successive petition. 28 U.S.C. § 2244(b)(3)(A). In this case, Petitioner must receive such permission from the United States Court of Appeals for the Fifth Circuit before he can seek federal habeas relief on any of the issues raised in the current writ.[4]

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion to Dismiss For Lack of Jurisdiction and Alternative Motion For Summary Judgment (Instrument No. 31) be **GRANTED**; and the Petition for a Writ of Habeas Corpus of Gilbert S. Damian (Instrument Nos. 1 and 26) be **DISMISSED as a successive petition**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **November 27, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically

---

[4] In the alternative, Respondent alleges that Petitioner's writ is time barred. The Court agrees that, even to the extent that Petitioner's writ is not successive, his claims would be time barred. 28 U.S.C. § 2244(d). Petitioner's claims challenge his December 11, 1987 conviction that became final 90 days after his PDR was refused on November 22, 1989. Considering his conviction preceded the adoption of the AEDPA, unless statutory or equitable tolling applied, Petitioner had until April 24, 1997, to file a federal habeas writ. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Although Petitioner has filed numerous state court writs, none alter the fact that these claims are time barred. Specifically, the Court observes that his third state court writ, which challenged this conviction, was filed on February 26, 1992 and denied without written order by the Court of Criminal Appeals on July 22, 1992. The State records reflect that Petitioner's next state court writ, which did not in fact challenge his conviction, but involved issues relating to time calculation, was not filed until February 22, 2000. It was not until May 14, 2001, when Petitioner filed his sixth state writ, that he again challenged his conviction, but this was well past the expiration of the limitations period on April 24, 1997. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (state applications filed after expiration of limitations period do not statutorily toll limitations period).

entitled **"Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this ___7th___ day of November, 2006.

John R. Froeschner
United States Magistrate Judge